UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re:
Eric Getzloff,　　　　　　　　　　　　　　　　　　Case No. 15-12131
　　　Debtor.

## CHAPTER 13 PLAN

Eric Getzloff, hereinafter referred to as "Debtor", proposes the following Chapter 13 Plan:

### NOTICE TO CREDITORS:

A.　You must file a timely proof of claim to receive payments under the plan.

B.　Except as elsewhere provided in this Plan, any secured or priority amount shown on a proof of claim that is in excess of a secured or priority amount set forth in this plan shall be treated as a Class Six (unsecured) claim.

C.　You must file a timely written Objection to Confirmation if you wish to dispute any provision of this plan. *In re Harvey,* 213 F3d 318 (7th Cir. 2000).

### ARTICLE ONE:　　DEFINITIONS

1.1　Allowed Claim. Allowed Claim means any claim for which a proof of such claim is timely filed, unless the Court subsequently disallows such claim. Provided, however, the terms of this Plan shall control in the event of a disparity between a filed claim and the terms of this Plan.

1.2　Secured Creditor. Secured Creditor means any estate creditor to the extent that such creditor
　　　(a)　has an allowed secured claim as defined in 11 U.S.C. §506,
　　　(b)　files a proof of claim within the time set for filing of unsecured claims and
　　　(c)　such creditor's lien or right to setoff or recoupment is not void or voidable pursuant to state or federal law (including the Bankruptcy Code) or the terms of this Plan.

1

## ARTICLE TWO:    PAYMENTS

2.1   Payment to Trustee. Debtor submits all future income necessary for the execution of this Plan to the supervision and control of the Trustee.

    1) Future earnings or income of $295.17 per month for months 1 through 3 and $1,039.85 per month for months 4-60 to be paid directly by Debtor to the Chapter 13 Trustee, plus an amount sufficient to pay allowed Class Five Secured and Priority Tax Claims.

    2) Other property: None.

    3) Amounts necessary for payment of Class Seven Post-Petition Claims.

    4) An amount sufficient to pay all Class One, Administrative, and Class Five Secured and Priority Tax Claims.

## ARTICLE THREE: DURATION

3.1   Payments shall be made over a period of 60 months.

## ARTICLE FOUR:   CLASSIFICATION AND TREATMENT OF CLAIMS

4.1   Class One Claims - Administrative Claims.

    1) The Trustee shall first deduct the percentage fee fixed by the Court or the United States Trustee.

    2) Debtor's counsel hereby applies pursuant to Rule 2016 for approval of attorney's fees in the amount of $1,500 beyond the initial retainer. This fee is in addition to funds previously paid. Debtor counsel shall be paid $25.00 per month until a total of $1,500 has been paid. Notwithstanding any other provision of this Plan, Debtor attorney's fees and costs that are not paid during this case are not provided for in this plan and will not be subject to any discharge entered herein.

4.2   Class Two Claims. – PROF-2013-S3 REO I LLC-Mortgage secured by Home.

    1) PROF-2013-S3 REO I LLC ("PROF") is owed $73,798.02 and is secured by a mortgage against Debtor's home, described on Schedule A, valued at $70,000. The Debtor shall make monthly payments of $569 per month directly to PROF, which includes escrow for taxes and home owner's insurance, with the first monthly payment due July 1, 2015 and due the following 1st of the month thereafter.

    2)      The Debtor is in arrears on the mortgage payment in the amount of $10,811. The Trustee shall cure the arrears during the term of the plan out of payments made by the Debtor to the Chapter 13 Trustee in equal monthly installments of $180.19 per month. No interest shall accrue on the defaulted balance. Any arrearage claim above the $10,811 shall be treated as an unsecured non-priority claim under Class Six.

4.3      **Class Three Claims. – Bancroft State Bank – Mortgage secured by Business Real Estate.**

    1)      Bancroft State Bank is owed $74,443.76 with interest at 6.5% per annum and is secured by a mortgage against Debtor's business real estate, described on Schedule A, valued at $80,000. The Debtor has already made three monthly payments of $700 each to Bancroft Bank for Months 1-3 of the Chapter 13 plan. For Months 4-60, the Debtor shall pay $700 per month to the Chapter 13 Trustee to pay to Bancroft State Bank through the term of the plan. Any balance remaining after Month 60 to Bancroft State Bank is not discharged by this chapter 13 bankruptcy.

4.4      Class Four Claims. – Bancroft State Bank – 1991 Harley Davidson Softail

    1)      Bancroft State Bank is owed $3,000 and has a security interest in Debtor's 1991 Harley Davidson Softail valued at $3,800. The Trustee shall pay the secured claim of $3,800 with interest at the rate of 4.0% per annum during the term of the plan from payments made by the Debtor to the Trustee. The adequate protection payments shall be $55.25 per month. Post-confirmation payments shall commence immediately after confirmation and shall be $55.25 per month until the secured claim is paid in full. The lien shall be retained as provided under 11 U.S.C. § 1325(a)(5)(B)(i).

4.5      Class Five Claims - Secured and Priority Tax Claims.

    1)      This class of claims shall include Allowed Claims entitled to priority under Subsection 507(a)(8) of the Bankruptcy Code. This class shall include all allowed tax claims secured by liens against the Debtor's property.

    2)      The Debtor shall pay one hundred percent (100%) of allowed secured claims and claims entitled to priority under Section 507(a)(8) of the Bankruptcy Code including the claim of the United States Treasury, State of Wisconsin, Department of Revenue and State of Wisconsin Department of Industry, Labor and Human Relations under the Plan. The Trustee shall pay the allowed secured claim with interest at the rate of 3.0% per annum and claims entitled to priority without interest during the

term of the plan from payments made by the Debtor to the Trustee.

4.6   Class Six Claims - Allowed Unsecured Claims.

   1)   These claims shall include all Allowed unsecured claims not otherwise referred to in the Plan. Allowed unsecured claims are provided for and shall receive a pro rata share out of any remaining funds after payment of Class One, Three and Four claims.

4.7   Class Seven Claims - Post-Petition Claims.

   1)   These claims shall include Post-Petition claims allowed under Section 1305, Title 11, United States Code. Post-Petition claims allowed under Section 1305 shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claim and conclude on the last payment under the Plan.

## ARTICLE FIVE:   OTHER PROVISIONS

5.1   The following executory contracts and unexpired leases are rejected: All.

5.2   The payment of the following claims are excluded and are not provided for by payment through the Trustee: None.

5.3   The effective date of this Plan shall be the date of the order confirming the Plan.

5.4   Comparison with Chapter 7. The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7, Title 11, United States Code on such date.

   1)   As of the effective date of the Plan, the Debtor owns property which if a case under Chapter 7 of Title 11, United States Code were commenced, would be a part of the Section 541 estate and which has a fair market value of $161,027.

   2)   If the Debtor filed a petition for relief under Chapter 7 on said date, the Debtor would be entitled to exempt from said estate, property having a value of $13,927, and which property the Debtor has claimed as exempt in the manner required by law.

   3)   If the Debtor filed a Petition under Chapter 7 on said date, the Debtor would owe claims entitled to priority under Section 507 in the amount of $1020.91.

4

    4)     The Debtor owes allowed unsecured claims in the total amount of $30,250.79.

    5)     There would be available, after payment of priority claims, the sum of $0 for distribution to creditors holding allowed unsecured claims.

    6)     The Debtor estimates that distribution under Chapter 7 as of said date would be $0.

    7)     The Debtor's Chapter 13 Plan provides that creditors holding allowed unsecured claims shall receive a pro rata share from any funds remaining in the 60 months.

    8)     Payments under the Plan will be made over a period of 60 months.

5.5     The Debtor will be able to make all payments. The Debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor proposes to use to complete this Plan. The Debtor is reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan.

5.6     This Plan complies with the provisions of Chapter 13 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge, or amount required to be paid under Chapter 123 of Title 28 of the United States Code or required by the Plan to be paid before confirmation has or will be paid prior to confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

5.7     All interest accruing on the secured debts shall be simple interest. Unless otherwise stated in the Plan, no interest shall accrue on any claim. Any claims which provide for payment of interest shall accrue interest only from the date of confirmation of this Plan by the United States Bankruptcy Court. For purposes of calculating interest, payments shall be credited from the date that such payments are received by the Chapter 13 Trustee. It shall be presumed that payments are received one day after the date of mailing by the Debtor.

5.8     IN THE ABSENCE OF WRITTEN OBJECTION FILED WITH THE COURT AND SERVED UPON DEBTOR'S COUNSEL, AND UPON THE CHAPTER 13 TRUSTEE AND, IF APPLICABLE, UPON THE U. S. TRUSTEE, NOT LESS THAN FIVE (5) COURT DAYS PRIOR TO THE DATE FIXED FOR THE HEARING ON CONFIRMATION, THE COURT MAY CONFIRM THIS CHAPTER 13 PLAN AND ACCEPT THE VALUATIONS AND ALLEGATIONS ASSERTED THEREIN.

### ARTICLE SIX:    REVESTMENT OF PROPERTY

6.1  Property of the estate shall revest in the Debtors at such time as a discharge is granted or the case is dismissed. In the event the case is converted to a case under Chapter 7 or 11 of Title 11 United States Code, property of the estate shall vest in accordance with applicable law.

I declare the foregoing statements in my Chapter 13 Plan to be true and correct under penalty of perjury.

Dated this September 24, 2015.

_____
Eric Getzloff

Krautkramer & Block LLC Law Firm

_____
James V. Block
Attorney for Debtor
3544 Stewart Avenue
Wausau WI 54401
715.842.2162